JUDGE HARDIN
delivered the opinion op the court.
The appellants sued the appellee for alleged noncompliance with a contract to do certain stone-work on a building which they were engaged in erecting for the use of the Commercial Branch Bank at Cynthiana, and sued out an order of attachment, which was levied on a horse' and dray, a derrick and its appendages, and a quantity of stone, as the property of the appellee.
The levy of the attachment having suspended the work of the appellee for some time, it was discharged on the first day of October, 1867, and the appellee was remitted to the possession of his property.
This suit was brought to recover damages on the attachment bond executed by the appellants, in which they covenanted to pay the appellee the damages, not exceeding eight thousand dollars, which he might sustain by reason of the attachment, if the order therefor was wrongfully obtained.
*260 A trial of the case resulted in a verdict and judgment for the plaintiff for four hundred dollars; and, the court having refused to grant the defendants a new- trial, they have appealed to this court.
In the admission of evidence on the tidal, as well as in instructing the jury, the court ruled, in substance, that the plaintiff was entitled to recover for injury sustained by being prevented from completing the work he had undertaken to do, and that it was competent for him to show that when his work was suspended by the attachment he had on hand a quantity of stone, cut and dressed, for use in the completion of the work, which was not of equal value for any other purpose.
Whether in these rulings the court erred to the prejudice of the appellants is the principal question to be determined o.n this appeal.
It is insisted that the covenant of the appellants to pay the damages sustained by reason of the attachment only operated to make the obligors responsible for injury to or deterioration of the property caused by the attachment, and did not embrace the. consequential loss sustained by the appellee in being prevented by the attachment which was levied on the stone from completing the work according to his contract by using the stone in the building.
Conceding the general rule to be that in an action on an attachment bond the plaintiff can only recover natural and proximate damages, and that the defendant’s responsibility does not extend to losses supposed to have been sustained of merely contingent and prospective profits, yet when by the attachment a party is prevented from performing a contract, and material or property prepared or procured to enable him to do so is thus depreciated in its value to him, and damage is consequently sustained, such damage is, in our opinion, embraced by the attach *261 ment bond, and the circuit court properly so ruled in this case. (Sedgwick on the Measure of Damages, 74.)
The appellants further complain of the action of the court, both in giving instructions at the plaintiff’s instance and in refusing those which were asked by the defendants; but in these rulings we perceive no error to the prejudice of the defendants; nor did the court err, in our opinion, in overruling the motion for a new trial.
Wherefore the judgment is affirmed.