JOSIAH VEACH *v.* W. H. PERKINS.

**Attachment—Instruction as to Damages.**

An instruction in an attachment proceedings, to allow the jury to assess damages for any remote injury resulting from the interruption of the regular course of the plaintiff's business, is erroneous and misleading.

**Attachment—Damages for Wrongful Suing Out.**

Recovery for the wrongful suing out of an attachment can only be had for such damages as are natural and proximate. And does not extend to cover supposed losses sustained by a mere derangement of the business.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 9, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The same instruction given in this case qualifying and explaining the first, substantially informed the jury, that they were authorized, in their finding, to estimate and allow damages to the plaintiff for being interrupted in the course of his business in consequence of the attachment. It is well settled that in a case like this, not proceeding for a malicious abuse of the process of the law, the plaintiff can only recover on the attachment bond such damages as are natural and proximate; and that the defendants responsibility does not extend to losses supposed to have been sustained by the mere derangement to the business of the plaintiff, caused by the attachment, or of merely contingent or prospective profits, of which it may have operated to deprive him *(Pettit & Owens v. Mercer, 8 B. Monroe, 51; Carpenter v. Stevenson, 6 Bush, 259).* This case is not analogous to the one last cited where a particular and immediate injury was alleged and shown, by preventing the use of materials for a building, already prepared to comply with a contract. The ruling of the court in this case was such as to allow the jury to assess damages for any remote injury resulting from the interruption of the regular course of the plaintiff's business, and in that respecct

was misleading and erroneous for the reason we have indicated and according to the authorities cited.

Wherefore the judgment is reversed and the cause remanded for a new trial consistent with this opinion.

*Veech, Ray & Hardin, Sweeney & S., for appellant.*

*James, for appellee.*